IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID MICHAEL GROVE,            )
                                )
    Plaintiff,                 )
                                )
-vs-                            )   Civil Action No. 16-1036
                                )
NANCY A. BERRYHILL,[1]          )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
    Defendant.                 )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since November 19, 2012. (ECF No. 9-5, p. 2). Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on December 11, 2014. (ECF No. 9-2, pp. 24-57). On January 13, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 9-2, pp. 10-20).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    Subjective Complaints of Pain**

Plaintiff's only argument is that the ALJ erred in evaluating Plaintiff's subjective complaints of pain. (ECF No. 12, pp. 7-10). In evaluating whether a plaintiff's statements are credible, the ALJ will consider evidence from treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, Plaintiff specifically asserts that the ALJ statement that the Plaintiff's "allegations regarding the severity of his pain are without substantial support from the objective

3

medical evidence of record" is a "bold statement with nothing to back it up and no explanation for his position." (ECF No. 12, pp. 7-8). After a review of the record, I disagree.

In this case, the ALJ set forth the testimony of Plaintiff, including his statements of pain. (ECF No. 9-2, p. 15). After considering the same, the ALJ stated that while he finds Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible *for the reasons explained in this decision*" and are based on the "objective medical evidence; the claimant's daily activities; the location, duration, frequency and intensity of the claimant's symptoms; factors that may have precipitated and aggravated his symptoms; the type, dosage, effectiveness, and side effects of the claimant's medications; his treatment; and other appropriate factors. (SSR 96-7p)." (ECF No. 9-2, pp. 15-16)(emphasis added). The ALJ then detailed Plaintiff's records and the factors set forth above. *Id.* at pp. 16-17.

> Based on the foregoing, the undersigned finds that the claimant's allegations regarding the severity of his pain are without substantial support from the objective medical evidence of record as set forth above. More specifically, the undersigned notes that the record fails to reflect a continuous period of at least 12 months prior to the claimant's date last insured he could not have performed the limited standing and walking requirements in the residual functional capacity set forth above. In this regard, the undersigned cites the claimant's testimony that he was able to ambulate without an assistance device up until three months before his August 2013 surgery. In addition, he has acknowledged that the surgery provided him 75% improvement. The undersigned also notes that through the majority of the relevant timeframe, the claimant did not require anything stronger than over the counter medication to make his pain tolerable.

(ECF No. 9-2, pp. 17-18). Thus, contrary to Plaintiff's position, the ALJ did not make a bold statement without explanation. Rather, the ALJ specifically addressed Plaintiff's complaints of pain. (ECF No. 9-2, pp. 15-18).

After a review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 9-2, pp. 15-18). Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. §416.929 and SSR 96-7p and, based on the entire record as a whole, I

find there is substantial evidence to support the ALJ's decision to find Plaintiff not entirely credible. (ECF No. 9-2, pp. 10-20). Therefore, I find no error in this regard.[2]

An appropriate order shall follow.

---

[2] Plaintiff asserts that the ALJ made only "one error." (ECF No. 12, p. 7). To the extent that Plaintiff's brief can be construed to allege an additional error, that the ALJ erred by improperly disregarding vocational expert testimony, I disagree. (ECF No. 12, p. 8). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. See, *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 9-2, pp. 10-20). Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID MICHAEL GROVE,           )
                               )
       Plaintiff,              )
                               )
  -vs-                         )     Civil Action No. 16-1036
                               )
NANCY A. BERRYHILL,[3]         )
COMMISSIONER OF SOCIAL SECURITY,)
                               )
       Defendant.              )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 31st day of July, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                          BY THE COURT:

                          s/ Donetta W. Ambrose
                             Donetta W. Ambrose
                             United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.